IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **EDWARD TAYLOR** : NO. | |
| Plaintiff : | |
| v. : | |
| **MARILYN PABON and** : | |
| **FIRST STUDENT, INC., a/k/a** : | |
| **FIRST STUDENT** : | |
| Defendants : | |

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA:

Defendants, Marilyn Pabon and First Student, Inc., a/k/a First Student, by and through their attorneys, Rawle & Henderson, LLP, files this Notice of Removal of the present case from the Court of Common Pleas of Philadelphia County, Pennsylvania, in which it is now pending, to the United States District Court for the Eastern District of Pennsylvania, and respectfully avers as follows:

1. On March 13, 2008, plaintiff filed a Complaint against Defendants in the Court of Common Pleas of Philadelphia, Pennsylvania captioned "Edward Taylor v. Marilyn Pabon and First Student, Inc. a/k/a First Student". A true and correct copy of plaintiffs' Complaint is attached hereto as Exhibit "A."

2. At all times material hereto, plaintiff, Edward Taylor, resided in Sharon Hill, Pennsylvania.

2345184-1

3. At all times material hereto, defendant, Marilyn Pabon, resided in Pennsauken, New Jersey.

4. At all times material hereto, defendant, First Student Inc, was a corporation with its headquarters in Cincinnati, Ohio and a place of business in Lawnside, NJ.

5. This matter arises out of an accident that occurred on or about April 27, 2007, in which plaintiff alleges that he was operating a motor vehicle in and involved in an accident with a First Student vehicle, which was operated by Marilyn Pabon. *See* Complaint at ¶ 6.

6. As a result of the incident, plaintiff claims that he suffered "injuries which are or may be serious and permanent in nature including but not limited to: acute cervical strain and sprain, acute thoracic strain and sprain, acute lumbar strain and sprain, acute post-traumatic myofascitis, as well as other injuries as may be diagnosed by plaintiff's health care providers all of which have in the past, and may in the future, causing plaintiff great pain and suffering. muscle system and other injuries" *See* Complaint ¶ 10.

7. Additionally, plaintiff claims ongoing medical expenses, sever loss of earnings, impairment of earning power and capacity, physical and mental impairment preventing plaintiff to perform usual and customary activities, financial expenses and mental language and humiliation. *See* Complaint. ¶¶ 11-15.

8. Based upon a fair reading of the Complaint, plaintiff has set forth claims in an amount in excess of the jurisdictional limits of $75,000.00, exclusive of interests and costs.

9. Diversity of citizenship within the meaning of 28 U.S.C. § 1332 exists between plaintiff and defendants since they are citizens of different states.

2345184-1

10. Diversity of citizenship existed at the time the action sought to be removed was commenced and continues through the time of filing of this notice, such that defendants are entitled to removal pursuant to 28 U.S.C. § 1441, as amended, and 28 U.S.C. § 1446.

11. Pursuant to 28 U.S.C. § 1446(a), all process, pleadings and orders served upon petitioner in this action are attached hereto.

12. A true and correct copy of this Notice of Removal is being filed with the Prothonotary in the Court of Common Pleas of Philadelphia County as provided by 28 U.S.C. § 1446(d).

**WHEREFORE**, Defendants, Marilyn Pabon and First Student, Inc., a/k/a First Student request that the above-captioned action, now pending in the Court of Common Pleas of Philadelphia, be removed therefrom to this Honorable Court.

**RAWLE & HENDERSON, LLP**

Date: 3/24/08

By: _____
Maureen E. Daley, Esquire
Identification No. 75000
The Widener Building
One South Penn Square
Philadelphia, PA 19107
(215) 575-4200
Attorneys for Defendants,
Marilyn Pabon and First Student, Inc. a/k/a
First Student

2345184-1

## CERTIFICATE OF SERVICE

I, Maureen E. Daley, hereby certify that, on this date, a true and correct copy of the Notice of Removal of Plaintiff's Complaint was served by first class mail, postage prepaid, to the following:

Anthony Lopresti, Esquire
Clearfield, Gaber, Kofsky & Penneys
Suburban Station Building
1617 JFK Boulevard
Philadelphia, PA  19103

RAWLE & HENDERSON, LLP

Date: 3/24/08

By: *[signature]*
Maureen E. Daley, Esquire

2345184-1

# EXHIBIT "A"

447873

THIS IS AN ARBITRATION MATTER.
ASSESSMENT OF DAMAGES
HEARING IS REQUIRED.

**ATTEST**

CLEARFIELD, GABER, KOFSKY & PENNEYS       Attorney for Plaintiff    MAR 13 2008
By: Anthony Lopresti, Esquire
Identification No. 93515
Suburban Station Building -                                          **L. BRYANT**
1617 JFK Boulevard
Philadelphia, PA 19103
(215) 563-6333

THIS MATTER WILL BE HEARD BY A
BOARD OF ARBITRATORS
AT THE TIME, DATE AND PLACE
SPECIFIED BUT, IF ONE OR
MORE PARTIES IS NOT PRESENT AT
THE HEARING, THE MATTER
MAY BE HEARD AT THE SAME TIME
AND DATE BEFORE A JUDGE OF THE
COURT WITHOUT THE ABSENT PART
OR PARTIES. THERE IS NO RIGHT TO
A TRIAL DE NOVO ON APPEAL FROM
A DECISION ENTERED BY A JUDGE.

EDWARD TAYLOR                         :    COURT OF COMMON PLEAS
903 Burnside Road                     :    PHILADELPHIA COUNTY
Sharon Hill, PA 19079                 :
                                      :    MARCH TERM, 2008
          vs.                         :    NO.
                                                 **002392**

USTED ESTA ORDENADO
COMPARECER EN
ARBITRATION HEARING
1880 JFK BLVD., 5TH FL.
PHILADELPHIA, PA 19103
TIME: 9:30
NOV 5 – 2008
YOU MUST STILL COMPLY
WITH THE NOTICE BELOW.
USTED TODAVIA DEBE
CUMPLIR CON EL AVISO
PARA DEFENDERSE

MARILYN PABON
337 North 40th Street
Pennsauken, NJ 08110
    and
FIRST STUDENT, INC. a/k/a
FIRST STUDENT
270 Gloucester Pike
Lawnside, NJ 08045-1150              :

## COMPLAINT IN CIVIL ACTION
(Code 2V - Motor Vehicle Negligence)

**NOTICE**

"You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

"YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

PHILADELPHIA BAR ASSOCIATION
LAWYER REFERRAL & INFORMATION SERVICE
One Reading Center
Philadelphia, PA 19107
(215) 238-1701

**AVISO**

"Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) días de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

"LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

ASOCIACION DE LICENDIADOS DE FILADELFIA
SERVICIO DE REFERENCIA E INFORMACION LEGAL
One Reading Center
Filadelfia, Penna. 19107
(215) 238-1701

-1-

## GENERAL AVERMENTS

1. Plaintiff, Edward Taylor, is an adult individual who resides at the above-captioned address.

2. Defendant, Marilyn Pabon, is an adult individual who resides at the above-captioned address.

3. Defendant, First Student, Inc. a/k/a First-Student (hereinafter referred to as First Student), is an incorporated business entity, licensed and authorized to conduct and transact business within the Commonwealth of Pennsylvania, with an office for service located at the above-captioned address.

4. At all times material hereto, Defendant, Marilyn Pabon, did operate, manage and control a 1998 school bus, New Jersey Tag No. 888WSI owned by First Student, which was involved in this accident.

5. At all times material hereto, Defendant, First Student, acted or failed to act by their agents, servants, workmen and/or employees who were then and there acting within the scope of their authority and course of their employment with Defendant, and on behalf and in furtherance of the businesses of Defendant.

6. On or about April 27, 2007, at or near the intersection of 6th and Callowhill Streets, Philadelphia, Pennsylvania, Defendant, Marilyn Pabon so carelessly and negligently operated the aforementioned vehicle so as to cause them to collide with the vehicle being operated by Plaintiff, Edward Taylor, causing him to sustain the injuries and other losses hereinafter more fully set forth.

7. The negligence and carelessness of Defendant, acting as aforesaid, consisted of the following:

-2-

(a) operating the aforementioned vehicle at an excessive rate of speed;

(b) failing to have proper and adequate control of the aforementioned vehicle so as to avoid accidents;

(c) failing to warn of the approach of the aforementioned vehicle with due regard for the rights and safety of the Plaintiff;

(d) failing to keep a proper lookout;

(e) failing to use due care under the circumstances;

(f) improper lane change;

(g) violating the pertinent provisions the Pennsylvania Motor Vehicle Code;

(h) Defendant, First Student, negligently consented and entrusted its vehicle to co-Defendant, Marilyn Pabon, who it knew or should have known would operate the vehicle in an negligent and careless manner, and had a propensity toward negligence and recklessness;

(i) negligence per se; and

(j) in being otherwise careless, reckless and negligent, the particulars of which are presently unknown to plaintiff but which may be learned by discovery procedures provided by the Pennsylvania Rules of Civil Procedure or which may be learned at the trial of this cause.

8. The aforesaid accident was due solely to the negligence and carelessness of the Defendants, acting as aforesaid, and was due in no manner whatsoever to any act or failure to act on the part of the plaintiff.

## COUNT I
## PLAINTIFF, EDWARD TAYLOR v. ALL DEFENDANTS
## THIRD PARTY LIABILITY

9. Plaintiff, Edward Taylor, incorporates by reference hereto, all of the allegations contained in the General Averments, as if they were set forth at length herein.

10. As a result of this accident, Plaintiff, Edward Taylor, has suffered injuries which are or may be serious and permanent in nature, including but not limited to: acute cervical strain and sprain, acute thoracic strain and sprain, acute lumbar strain and sprain, acute post-traumatic myofascitis, as well as other injuries as may be diagnosed by plaintiff's health care providers, all of which injuries have in the past, and may in the future, causing plaintiff great pain and suffering.

11. As a further result of this accident, Plaintiff, Edward Taylor, has been or will be required to receive and undergo medical attention and care and to expend various sums of money and to incur various expenses, may be required to continue to expend such sums or incur such expenditures for an indefinite time in the future.

12. As a further result of this accident, Plaintiff, Edward Taylor, has or may hereafter suffer a severe loss of earnings and impairment of earning power and capacity.

13. As a further result of this accident, Plaintiff, Edward Taylor, has suffered medically determinable physical and/or mental impairment that prevents the plaintiff from performing all or substantially all of the material acts and duties that constituted the plaintiff's usual and customary activities prior to the accident.

14. As a direct and reasonable result of the accident aforementioned, Plaintiff, Edward Taylor, has or may hereafter incur other financial expenses that do or may exceed amounts which plaintiff may otherwise be entitled to recover.

-4-

15. As a further result of the accident aforementioned, Plaintiff, Edward Taylor, has suffered severe physical pain, mental anguish and humiliation and may continue to suffer same for an indefinite time in the future.

**WHEREFORE,** Plaintiff, Edward Taylor, demands judgment against the defendants, jointly and/or severally, for damages, in an amount not in excess of the arbitration limits, plus interest and costs.

                                                **CLEARFIELD, GABER, KOFSKY & PENNEYS**

BY: _____
                                               ANTHONY LOPRESTI, ESQUIRE
                                               **Attorney for Plaintiff, Edward Taylor**

## VERIFICATION

I, _Edward Taylor,_ hereby verify that I am the _Plaintiff_ in the attached _Complaint_, and that the facts set forth herein are true and correct to the best of my knowledge, information and belief. I understand that false statements made herein are subject to the penalties of the 18 PA C.S. §4904, relating to unsworn falsification to authorities.

NAME _[signature]_
ADDRESS _____
DATE _3/12/2008_